

# NUMBER 13-18-00384-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

LANCE TAYLOR,                                                    Appellant,

v.

THE STATE OF TEXAS,                                              Appellee.

---

### On Appeal from the 28th District Court
### of Nueces County, Texas.

---

# ORDER OF ABATEMENT

**Before Chief Justice Contreras and Justices Longoria and Perkes**
**Order Per Curiam**

On August 7, 2019, and December 19, 2019, the Court abated the cause and remanded to the trial court, due to appellant's previous court appointed counselor's failure to timely file a brief. The case was reinstated on January 27, 2020, after new counsel was

appointed to represent appellant in the matter. Appellant's brief was originally due on April 17, 2020.

Since reinstating the case, the Court granted two additional motions for extension, this time filed by appellant's new counsel making the new deadline to file a brief in the matter August 24, 2020. On August 26, 2020, the Clerk of the Court sent the Honorable M. Michael Meyer notice the brief was past due. On September 11, 2020, the Clerk of the Court sent a second past due notice.

Accordingly, we now ABATE this appeal and REMAND the cause to the trial court for further proceedings pursuant to Rule 38.8(b)(2) and (3) of the Texas Rules of Appellate Procedure. Upon remand, the trial court shall utilize whatever means necessary to make appropriate findings and recommendations concerning the following: (1) whether appellant desires to prosecute this appeal; (2) why appellant's counsel has failed to file a brief and whether counsel has effectively abandoned the appeal; (3) whether appellant has been denied effective assistance of counsel; (4) whether appellant's counsel should be removed; and (5) whether appellant is indigent and entitled to court-appointed counsel.

If the trial court determines that appellant does want to continue the appeal, that present counsel should be removed, and that appellant is indigent and entitled to court-appointed counsel, the trial court shall appoint new counsel to represent appellant in this appeal. If new counsel is appointed, the name, address, telephone number, email address, and state bar number of said counsel shall be included in an order appointing counsel.

The trial court shall cause its findings and recommendations, together with any orders it may enter regarding the aforementioned issues, to be included in a supplemental

clerk's record. Furthermore, the trial court shall cause a supplemental reporter's record of any proceedings to be prepared. The supplemental clerk's record and supplemental reporter's record, if any, shall be filed with the Clerk of this Court on or before the expiration of thirty days from the date of this order.

It is so ORDERED.

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
3rd day of December, 2020.